IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE NEWLAND and JENNE NEWLAND,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>THE PROGRESSIVE CORPORATION; PROGRESSIVE CASUALTY INSURANCE COMPANY; PROGRESSIVE MARATHON INSURANCE COMPANY; PROGRESSIVE HALCYON INSURANCE COMPANY; and DOES 1-50, inclusive<br><br>　　　　　　Defendants. | Case No. 2:05-CV-01405-RRB-EFB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY AND REOPEN** |

　　　　At Docket 88 are Defendants The Progressive Corporation, Progressive Casualty Insurance Company, Progressive Marathon Insurance Company, and Progressive Halcyon Insurance Company (hereinafter collectively referred to as "Defendants") with an Amended Motion for Order to Modify the Pretrial Scheduling Order and to Reopen Discovery for the Depositions of Plaintiffs and of Plaintiffs' Disclosed Experts.  The motion is opposed at Docket 90.

　　　　Having throughly reviewed the relevant pleadings, affidavits, etc., and for good cause shown, Defendants' motion at

ORDER REGARDING AMENDED MOTION
　　TO MODIFY AND REOPEN AT DOCKET 88
2:05-CV-01405-RRB-EFB

**Docket 88** is hereby **GRANTED**.[1] More specifically, it is hereby ordered that "[d]iscovery in this matter is reopened so that the depositions of . . . Plaintiffs Bruce Newland and Jenne Newland, and the depositions of [P]laintiffs' experts, Dennis Joyce and Peter Occhialini, can be scheduled and taken within the next 90 days"[2]; following which, Defendants shall notify the Court of their completion in conjunction with a detailed status report.

In addition, and because Defendants are correct in presuming that a subsequent Pretrial Conference Order will likely issue,[3] " . . . the [Pretrial Conference Order at Docket 48,] entered in November 2006, is not, given the circumstances, to be treated as a 'final' [Pretrial Conference] Order."[4] Upon receiving the status report referenced above (complete with proposed trial dates, etc.), and if deemed necessary, the Court will schedule an appropriate hearing and/or conference.

ENTERED this 14th day of September 2007.

//s//
RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999) **(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).**

[2] Docket 87 at 2.

[3] Docket 92 at 4.

[4] Id. (emphasis added).

ORDER REGARDING AMENDED MOTION
    TO MODIFY AND REOPEN AT DOCKET 88
2:05-CV-01405-RRB-EFB