IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRUCE NEWLAND AND JENNE NEWLAND,

       Plaintiffs,

vs.

THE PROGRESSIVE CORPORATION, et al.,

       Defendants.
       /

No. CIV S-05-1405 RRB EFB

On April 1, 2008, plaintiffs filed a motion to quash and for a protective order to preclude production of documents by third parties subpoenaed by defendants. Based on the notice of motion, plaintiffs bring this motion "on the grounds that discovery in this matter is closed."

The fact that discovery is closed precludes this court from entertaining the plaintiffs' discovery motion. The docket reveals that discovery in this case closed on April 7, 2006.[1] *See* Docket entry no. 10. On September 19, 2007, the district judge modified the scheduling order to

---

[1] The pretrial scheduling order provided that:

[a]ll discovery shall be completed by April 7, 2006. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

1

1  reopen discovery for the purpose of taking plaintiffs' depositions and the depositions of their
2  experts.  Discovery was not reopened as to any other matter.
3        Accordingly, if the parties wish to bring a discovery motion, they must petition the
4  district judge for another order modifying the pretrial scheduling order.  Until that time, this
5  court cannot hear plaintiffs' discovery motion.  Thus, plaintiffs' April 1, 2008, motion is denied
6  without prejudice, and the May 7, 2008, hearing thereon is vacated.
7        SO ORDERED.
8  DATED:  April 3, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE